# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES** | : | |
| | : | |
| *v.* | : | |
| | : | **Criminal No. 19-00137(PWG)** |
| **GREGORY BUTLER,** | : | |
| | : | |
| *Defendant.* | : | |

## DEFENDANT'S MOTION TO SUPPRESS TANGIBLE EVIDENCE
### (3901 Cedardale Road, Baltimore, MD)

Defendant Gregory Butler ("Butler"), by and through undersigned counsel and pursuant the Fourth Amendment to the United States Constitution, hereby moves to suppress evidence[1] obtained from a warrantless search and states as follows:

### BACKGROUND

Mr. Butler is charged in a Fourth Superseding Indictment with: Conspiracy to Participate in a Racketeering Enterprise; Conspiracy to Distribute Controlled Substances Resulting in Death and Serious Bodily Injury; Distribution of a Controlled Substance Resulting in Death (4 counts); Distribution of a Controlled Substance Resulting in Serious Bodily Injury (8 counts); Possession of a Firearm During and in Relation to a Drug Trafficking Crime; and Possession of a Firearm and Ammunition by a Prohibited Person.

Discovery provided by the Government indicates that the Government obtained evidence from Mr. Butler in violation of his rights pursuant to the Fourth Amendment to the United

---

[1] The Court's deadline for filing pre-trial motion was July 29, 2022.  A motions hearing is scheduled for October 3, 2022.  Mr. Butler respectfully requests leave to file this motion out of time pursuant to Fed. R. Crim. P. 45(b)(1)(B) due to excusable neglect.  Mr. Butler had intended to file this motion and mistakenly omitted it from his Omnibus Motion to Suppress.  In reviewing the filings in preparation for the motions hearing, counsel discovered the omission and filed this Motion at the earliest practicable time.  The government objects to the late filing of this motion.

States Constitution.   On February 7, 2019, Detective Walsh of the Montgomery County Police Department and FBI Special Agent Peter Cauffman conducted a trash pull at 3901 Cedardale Road, Baltimore, Maryland, which the government contends Mr. Butler used as a stash location.   According to the government, the "trash was located in the rear of the residence, halfway out of the open fence in the alley adjacent to the residence.   The trash can was green and contained seven white trash bags with red ties."   The warrantless seizure of the trash uncovered multiple zip lock bags with residue of various colors, white powder chunks, mannitol, caffeine, boxes of Dormin and various latex gloves from which Mr. Butler's DNA was later obtained.

## **ARGUMENT**

The Fourth Amendment provides in relevant part that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."   U.S. Const. amend. iv. "The Amendment establishes a simple baseline, one that for much of our history formed the exclusive basis for its protections: When the Government obtains information by physically intruding on persons, houses, papers, or effects, a search within the original meaning of the Fourth Amendment has undoubtedly occurred." *Florida v. Jardines*, 569 U.S. 1, 5 (2013) (citations omitted).

The Fourth Amendment does not prevent all investigations conducted on private property.   *See, e.g.,. Hester* v. *United States*, 265 U.S. 57 (1924).   But when it comes to the Fourth Amendment, the home is first among equals.   At the Amendment's "very core" stands "the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion." *Silverman* v. *United States*, 365 U.S. 505, 511 (1961).   "We therefore regard the area immediately surrounding and associated with the home – what our cases call the curtilage – as part of the home itself for Fourth Amendment purposes." *Jardines*, 569 U.S. at 6 (citations omitted).

In *United States v. Dunn*, 480 U.S. 294, 301 (1987) the Supreme Court instructed "that curtilage questions should be resolved with particular reference to four factors: [1] the proximity of the area claimed to be curtilage to the home, [2] whether the area is included within an enclosure surrounding the home, [3] the nature of the uses to which the area is put, and [4] the steps taken by the resident to protect the area from observation by people passing by." At the same time, though, the Court cautioned that "these factors are useful analytical tools only to the degree that, in any given case, they bear upon the centrally relevant consideration -- whether the area in question is so intimately tied to the home itself that it should be placed under the home's 'umbrella' of Fourth Amendment protection." *United States v. Jackson*, 728 F.3d 367, 373-74 (4th Cir. 2013).

An application of the *Dunn* factors suggests that the trashcan and contents seized in this case were within the residence's curtilage and that the warrantless search and evidence obtained therefrom must be suppressed. With respect to the first factor, the trashcan and contents seized by Det. Walsh and S.A. Cauffman were located allegedly "halfway out of the open fence in the alley adjacent to the residence." The side and rear of the residence are fenced in, with the gate on the right side of the fence:[2]

---

[2] The images included here were obtained online from Google and do not purport to depict the residence on February 7, 2019. The images are included solely as a representation of the rear of the property.







Assuming the government's description of the trashcan on February 7, 2019 is correct, it was located halfway inside the fence and was clearly within a few feet of the residence itself. Therefore, it was clearly within the curtilage of the residence. With respect to the second factor, it is clear that the rear yard is fenced in and that the trash can was "included within an enclosure surrounding the home." With respect to the third factor, the "the nature of the uses to which the area is put," it is apparent that the resident's enclosure of the back yard is intended to contain the area and to protect items within it from those outside. With respect to the fourth factor, "the steps taken by the resident to protect the area from observation by people passing by," it is evident that the trash bags were placed inside a trash can and that the contents of the trash bags were not visible to outsiders. There is no indication that the trashcan was placed outside the fence for trash pickup or otherwise abandoned. Therefore, the residents had an expectation of privacy in the trash that they placed in the trashcan in their back yard.

Because the warrantless search and seizure was illegal, any of the evidence recovered as a result of the search is a fruit of that illegality and must be suppressed. *Wong Sun v. United States,* 371 U.S. 471 (1963).

## **CONCLUSION**

For all the foregoing reasons, Mr. Butler, respectfully requests that the Court grant the instant Motion and suppress the evidence referenced herein.

Dated: Washington, DC
      September 26, 2022             Respectfully submitted,

**BALAREZO LAW**

/s/

By: _____
A. Eduardo Balarezo
District Court Bar # 014090
400 Seventh Street, NW
Suite 306
Washington, DC  20004
(202) 639-0999 (tel)
(202) 639-0899 (fax)
aeb@balarezolaw.com

Karl D. Schwartz
Wiseman & Schwartz, LLP
718 Arch Street, Suite 702 N
Philadelphia, PA 19106
(215) 360 – 3988
schwartz@wisemanschwartz.com

*Counsel for Defendant Gregory Butler*

## <u>CERTIFICATE OF SERVICE</u>

 **I HEREBY CERTIFY** that on this 26th day of September 2022, I caused a true

and correct copy of the foregoing Defendant's Motion to Suppress to be delivered to the Parties

via ECF.


        /s/
       _____
       A. Eduardo Balarezo